IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT LENOIR (# K1175)                                   PLAINTIFF

v.                                                        No. 1:11CV17-B-D

DR. STEVEN HAYNE, ET AL.                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Robert Lenoir, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that during his prosecution for murder, the trial court improperly permitted Dr. Steven Hayne to testify that he was a board certified pathologist. The plaintiff has sued Dr. Hayne, the trial judge, and the prosecutor for denying him a fair trial. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### *Heck*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to:

prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,* 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff was unsuccessful in two attempts to challenge his conviction through a federal petition for a writ of *habeas corpus*. *See Lenoir v. Wilson*, 1:03CV626-P-D (N. D. Miss.)(first petition); *Lenoir v. Palmer*, 1:08CV242-A-D (successive petition). As Lenoir alleges in the instant complaint that the actions of the defendants denied him the right to a fair trial, clearly success on the merits of this claim would necessarily draw into question the validity of his conviction and sentence. Lenoir has not "demonstrate[d] that [his] conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372; as such, this case will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 22nd day of February, 2011.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE